FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SYDNEY N., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of the Social Security Administration, <br><br> Defendant. | No: 2:20-CV-00168-FVS <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Chad Hatfield. Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 15, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 16, and **REMANDS** the case for to the Commissioner for additional proceedings.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

Plaintiff Sydney N.[1] filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on March 11, 2017, Tr. 565, 583, alleging disability since August 20, 2016, Tr. 704, 711, due to severe clinical depression, severe anxiety, eczema/atopic dermatitis, migraines, seizures, endometriosis, ovarian cysts, dissociative identity disorder, fibromyalgia, and posttraumatic stress disorder (PTSD), Tr. 728.  Benefits were denied initially, Tr. 626-32, and upon reconsideration, Tr. 636-41.  A hearing before Administrative Law Jesse K. Shumway ("ALJ") was conducted on October 23, 2018.  Tr. 510-48.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the testimony of medical expert Robert H. Smiley, M.D., psychological expert Nancy Winfrey, Ph.D., and vocational expert Kimberly Mullinax.  *Id*.  The ALJ denied benefits on November 30, 2018.  Tr. 416-32.  The Appeals Council denied Plaintiff's request for review on February 27, 2020.  Tr. 1-6.  The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).  ECF No. 1.

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts,

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

1   the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most
2   pertinent facts are summarized here.
3       Plaintiff was 22 years old at the alleged onset date.  Tr. 704.  She received her
4   GED in 2012.  Tr. 729.  Plaintiff's reported work history includes jobs as a
5   budtender, deli clerk, and waitress.  Tr. 729, 765-70.  At application, she stated that
6   she stopped working on August 20, 2016, due to her conditions.  Tr. 729.

## STANDARD OF REVIEW

8       A district court's review of a final decision of the Commissioner of Social
9   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is
10  limited; the Commissioner's decision will be disturbed "only if it is not supported by
11  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158
12  (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable
13  mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and
14  citation omitted).  Stated differently, substantial evidence equates to "more than a
15  mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).
16  In determining whether the standard has been satisfied, a reviewing court must
17  consider the entire record as a whole rather than searching for supporting evidence in
18  isolation.  *Id*.
19      In reviewing a denial of benefits, a district court may not substitute its
20  judgment for that of the Commissioner.  If the evidence in the record "is susceptible
21  to more than one rational interpretation, [the court] must uphold the ALJ's findings

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's

1  work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is

2  engaged in "substantial gainful activity," the Commissioner must find that the

3  claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

4       If the claimant is not engaged in substantial gainful activity, the analysis

5  proceeds to step two.  At this step, the Commissioner considers the severity of the

6  claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

7  claimant suffers from "any impairment or combination of impairments which

8  significantly limits [her] physical or mental ability to do basic work activities," the

9  analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the

10 claimant's impairment does not satisfy this severity threshold, however, the

11 Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

12 404.1520(c), 416.920(c).

13      At step three, the Commissioner compares the claimant's impairment to

14 severe impairments recognized by the Commissioner to be so severe as to preclude a

15 person from engaging in substantial gainful activity.  20 C.F.R. §§

16 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe

17 than one of the enumerated impairments, the Commissioner must find the claimant

18 disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

19      If the severity of the claimant's impairment does not meet or exceed the

20 severity of the enumerated impairments, the Commissioner must pause to assess the

21 claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 20, 2016, the alleged onset date. Tr. 418. At step two, the ALJ found that Plaintiff has the following severe impairments: major depressive disorder; generalized anxiety disorder; and PTSD. Tr. 418. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 420. The ALJ then found that Plaintiff has the RFC to perform "a full range of work at all exertional levels but with the following nonexertional limitation: she is limited to only superficial contact with the public." Tr. 426. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 430. At step five the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: industrial cleaner; kitchen helper; and laundry worker II. Tr. 431. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 20, 2016, through the date of his decision. Tr. 432.

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her DIB under Title II of the Social Security Act and SSI benefits under Title XVI of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the Appeals Council erred in failing to exhibit medical evidence;
2. Whether the ALJ erred at step two;
3. Whether the ALJ erred at step three;
4. Whether the ALJ erred in weighing the medical source opinions; and
5. Whether the ALJ erred at step three.

# DISCUSSION

**1. Evidence Submitted to the Appeals Council**

Plaintiff argues that the Appeals Council erred by failing to admit exhibit evidence submitted to it. ECF No. 15 at 18-20.

Following an unfavorable decision by an ALJ, a claimant may request that the Appeals Council review the decision. 20 C.F.R. §§ 404.967, 416.1467. "The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." *Id*. The Appeals Council "will review a case . . . if [s]ubject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

1  there is a reasonable probability that the additional evidence would change the

2  outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Paragraph

3  (b) states the Appeals Council will only consider additional evidence under

4  paragraph (a)(5) if a claimant shows good cause for not informing the agency or

5  submitting the evidence prior to the ALJ hearing as required in 20 C.F.R. §§

6  404.935, 416.1435. 20 C.F.R. §§ 404.970(b), 416.1470(b).

7      Following the ALJ's December 18, 2018 decision, Plaintiff requested a review

8  by the Appeals Council. Tr. 700. Plaintiff then submitted evidence from Cedar

9  Bridge dated July 27, 2019 to December 18, 2019, Tr. 14-73, from Sacred Heart

10 Medical Center dated June 14, 2019 to September 24, 2019, Tr. 79-407, from

11 Spokane Dermatology dated October 31, 2018 to December 5, 2018, Tr. 452-61,

12 from Holy Family Medical Center dated October 5, 2018 to August 7, 2019, Tr. 462-

13 88, and from Northwest Headache from January 31, 2018 to October 28, 2019, Tr.

14 489-509. The Appeals Council denied Plaintiff's request for review and did not

15 admit exhibits of the newly submitted medical evidence. Tr. 2. The Appeals

16 Council found that the evidence that predated the ALJ's decision did "not show a

17 reasonable probability that it would change the outcome of the decision." *Id*. The

18 Appeals Council did not admit the remaining evidence into the record as an exhibit

19 because it found the evidence did not relate to the period at issue. *Id*.

20     The Ninth Circuit has held that district courts do not have jurisdiction to

21 review a decision of the Appeals Council denying a request for review of an ALJ's

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

decision because the Appeals Council decision is a non-final agency action. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) *citing Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). When the Appeals Council denies a request for review, the ALJ's decision becomes the final decision of the Commissioner and the district court reviews the ALJ's decision for substantial evidence based upon the record as a whole. *Id*. at 1161-62. "[T]he administrative record includes evidence submitted to and considered by the Appeals Council." *Id*. at 1162. When the Appeals Council fails to "consider" additional evidence that meets the requirements set forth in 20 C.F.R. §§ 404.970(b), 416.1470(b), remand to the ALJ is appropriate. *Taylor*, 659 F.3d at 1233. Therefore, whether or not the Appeals Council "considered" new evidence dictates whether or not the evidence is a part of the record as a whole and whether a remand is appropriate. *See Brewes*, 682 F.3d at 1162 ("the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is 'evidence upon which the findings and decision complained of are based'"); *see Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) ("here the Appeals Council only looked at the evidence, and determined it did not meet the standard for consideration," and therefore, "the new evidence did not become part of the record, and we may not consider it").

        The Appeals Council found that the evidence that predated the ALJ's decision did "not show a reasonable probability that it would change the outcome of the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

1  decision.  We did not exhibit this evidence." Tr. 2.  This Court joins others in

2  finding that it is not clear how the Appeals Council determined that the new

3  evidence would not impact the outcome of the ALJ's decision while simultaneously

4  not considering it and not associating it with the record.  *McLaughlin v. Saul*, No.

5  1:18-cv-00967-SKO, 2019 WL 3202806, at *5 (E.D. Cal. July 16, 2019) *citing*

6  *Deliny S. v. Berryhill*, No. CV 17-06328-DFM, 2019 WL 1259410, at *1 (C.D. Cal.

7  Mar. 19, 2019) and *Mayeda-Williams v. Comm'r of Soc. Sec. Admin.*, No. 18-0009-

8  HRH, 2019 WL 157918, at *5 (D. Ak. Jan. 10, 2019); *Lena J. v. Comm'r of Soc.*

9  *Sec. Admin.*, No. C18-6007-RLB-BAT, 2019 WL 3291039, at *3 (W.D. Wash. July

10 1, 2019).  Therefore, the Appeals Council erred by refusing to admit the evidence as

11 an exhibit.

12       Nonetheless, while the records dated before the ALJ decision were not

13 assigned an exhibit number, they are incorporated with the administrative record

14 before this Court.  Therefore, the next stage of the analysis under *Brewes* is to

15 determine if the ALJ's determination is supported by the record as a whole,

16 including the new evidence that predates the ALJ's decision.  659 F.3d at 1161-62.

17       The records that predate the ALJ's decision show that Plaintiff's migraines

18 were treated with Botox on October 29, 2018.  Tr. 498-500.  They also included

19 testing that showed Plaintiff had a negative ANA and rheumatoid factor.  Tr. 171,

20 186.  These records are relied upon in determining that the ALJ's step two

21 determination was not supported by substantial evidence, as discussed below.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

Therefore, the Court finds that with the new evidence, the ALJ's determination is not supported by substantial evidence.

**2.  Step Two**

Plaintiff challenges the ALJ's determination that she had no severe physical impairment and that her dissociated identity disorder was not medically determinable.  ECF No. 15 at 14-15.

Step-two of the sequential evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id*. at 1290.

To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment.  20 C.F.R. §§ 404.1521, 416.921.  "[O]nce a claimant has shown that [s]he suffers from a medically determinable impairment, [s]he next has the burden of proving that these impairments and their symptoms affect [her] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  At step two, the burden of proof is squarely on the Plaintiff

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    to establish the existence of any medically determinable impairment(s) and that such

2    impairments(s) are severe.  *Tackett*, 180 F.3d at 1098-99 (In steps one through four,

3    the burden of proof rests upon the claimant to establish a prima facie case of

4    entitlement to disability benefits.).

5        In his step two determination, the ALJ found that Plaintiff had the following

6    nonsevere physical impairments: history of endometriosis with POTS; obesity;

7    lumbar spine degenerative disc disease; eczema/dermatitis; pseudo-seizures;

8    migraines; and hemicrania continua.  Tr. 419.  The ALJ also found that the

9    following alleged impairments were not medically determinable:  fibromyalgia and

10   dissociative disorder.  Tr. 420.  Specifically, in addressing Plaintiff's fibromyalgia,

11   the ALJ's found that it did not meet the diagnostic criteria as set forth in S.S.R. 12-

12   2p.  Tr. 420.  However, this finding was not supported by substantial evidence.

13       Social Security Ruling 12-2p provides two sets of diagnostic criteria for

14   fibromyalgia, based on the 1990 American College of Rheumatology Criteria for the

15   Classification of Fibromyalgia and the 2010 American College of Rheumatology

16   Preliminary Diagnostic Criteria.  Under to the first set of criteria, a person suffers

17   from fibromyalgia if: (1) she has widespread pain that has lasted at least three

18   months (acknowledging that pain may "fluctuate in intensity and may not always  be

19   present"); (2) she has tenderness in at least eleven of eighteen specified points on her

20   body; and (3) there is evidence that other disorders are not accounting for the pain.

21   *Id*. at *2–3.  Under the second set of criteria, a person suffers from fibromyalgia if:

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1  (1) she has widespread pain that has lasted at least three months (again,
2  acknowledging that pain may "fluctuate in intensity and may not always be
3  present"); (2) she has experienced repeated manifestations of six or more
4  fibromyalgia symptoms, signs, or co-occurring conditions, "especially
5  manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking
6  unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and (3)
7  there is evidence that other disorders are not accounting for the pain. *Id*. at *3.
8         Here, the ALJ found that the second and third prongs of both sets of
9  diagnostic criteria were not established in the record and concluded that
10 fibromyalgia was not a medically determinable impairment. Tr. 420. However, the
11 record contains evidence that Plaintiff had experienced repeated manifestations of
12 six or more fibromyalgia symptoms, signs, or co-occurring conditions and that the
13 other impairments were ruled out as the cause of her pain. Plaintiff repeatedly
14 reported that she experienced headaches, Tr. 935, 1073, 1077, 1159, 1162, 1171,
15 abdominal pain, Tr. 935, 953, 1200-02, depression, Tr. 1071-72, 1103, joint pain, Tr.
16 1064, 1071-72, 1103, 1107, 1211, muscle pain, Tr. 1063-64, 1081, 1086, 1202,
17 1211, insomnia, Tr. 1071-73, 1103, and itching, Tr. 961, 1146, 1171. All of these
18 are symptoms and signs that are considered manifestations or co-occurring
19 conditions under the 2010 ACR Diagnostic Criteria. S.S.R. 12-2-p. Additionally,
20 the record demonstrates that other impairments were ruled out. The MRI of her
21 lumbar spine demonstrated only minimal spondylosis. Tr. 1080-81, 1098-99. Test

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

results showed negative ANA, Tr. 171, 186, 1094, and rheumatoid factor, Tr. 1097. A biopsy did not show endometriosis. Tr. 514. Furthermore, Dr. Smiley testified that Plaintiff's physical problems appear to be subjective, Tr. 517, and the ALJ cited this as the evidence he relied upon in finding it as not medically determinable. Tr. 420. However, fibromyalgia is not a condition that generally presents with extensive objective findings. *See generally, Revels v. Berryhill*, 874 F.3d 648, 656-57 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) ("Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms."); S.S.R. 12-2p.

Here, the ALJ's cursory conclusion that Plaintiff's fibromyalgia did not meet the diagnostic criteria only cited to Dr. Smiley's testimony and failed to address any of the medical evidence in the record. Therefore, the ALJ's determination is not supported by substantial evidence, and the case is remanded for the ALJ to address the medical evidence that supports a finding of fibromyalgia as a medically determinable impairment.

Additionally, Plaintiff's headaches were severe enough to justify being treated with botox requiring proof to insurance that other treatment had failed. Tr. 498-502. Therefore, the ALJ's finding that Plaintiff's headaches were not severe at step two was also not supported by substantial evidence. Upon remand, the ALJ will address all of Plaintiff's alleged physical impairments and the alleged dissociative identity

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

disorder anew at step two.

**3.     Step Three**

Plaintiff argues that the ALJ failed to assess the evidence that supports a finding that she met or equaled Listings 11.02 and 14.09D.  ECF No. 15 at 15-18.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not consider her age, education, and work experience.  20 C.F.R. §§ 404.1520(d); 416.920(d).  An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not meet a listing.  *Id*.

Here, the ALJ found that Plaintiff did not have any severe medically determinable physical impairments at step two.  Tr. 418.  As discussed above, this was not supported by substantial evidence, and the case is remanded with specific instructions for the ALJ to further address Plaintiff's alleged fibromyalgia and headaches.  Upon remand, the ALJ will make a new step three determination and discuss the medical evidence pertaining to whether or not Plaintiff meets or equals any listing level impairment at step three, but he will specifically address fibromyalgia under listing 14.09D and headaches under listing 11.02.

**4.    Medical Source Opinions**

Plaintiff challenges the weight the ALJ assigned to John B. Severinghaus, Ph.D., Mark Magdaleno, M.D., and Robert Smiley, M.D.  ECF No. 15 at 8-14.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted).  Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion.  *Id*.

Here, the case is being remanded for the ALJ to properly address Plaintiff's physical impairments at step two.  There was no opinion from a treating or examining physician regarding physical impairments and their resulting limitations in the record.  Dr. Magdaleno and Dr. Smiley were reviewing physicians who never treated or examined Plaintiff.  Furthermore, neither of these physicians had the evidence that was submitted to the Appeals Council.  Therefore, upon remand, the ALJ will readdress the medical opinions in the record in light of the record as a whole.

/ / /

/ / /

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

## 5. Step Five

Plaintiff challenges the ALJ's step five determination. ECF No. 15 at 20-21. Plaintiff argues that the ALJ's RFC is premised on an incomplete hypothetical resulting from limitations not properly considered because her physical impairments were deemed nonsevere. *Id.* Therefore, this argument is derivative of Plaintiff's previous challenges. Upon remand, the ALJ will address step five anew, if necessary (i.e. if the claim is not resolved at step three).

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits. ECF No. 15 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, there is outstanding evidence that was admitted to the Appeals Council that should be considered by the ALJ on remand. Additionally, the ALJ should readdress step two with specific emphasis on fibromyalgia and headaches, readdress step three, reconsider the weight assigned to the medical opinions in the record in light of the record as a whole, and make a new step five determination, if necessary. In addition, the ALJ should supplement the record with any outstanding medical evidence. The ALJ should reassess Plaintiff's RFC and take additional testimony from a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

1  **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2  Order and provide copies to counsel.  Judgment shall be entered for Plaintiff, and

3  the file shall be **CLOSED**.

4  **DATED** May 27, 2021.

5        *s/ Rosanna Malouf Peterson*
6        ROSANNA MALOUF PETERSON
      United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20